**Electronically Filed
Intermediate Court of Appeals
30204
31-MAY-2012
08:22 AM**

NO. 30204

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDWARD CALDWELL, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 08-1-0031)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)


Defendant-Appellant Edward Caldwell ("Caldwell") appeals from the Judgment of Conviction and Probation Sentence filed on October 29, 2009, in the Family Court of the First Circuit ("Family Court").[1] The jury convicted Caldwell of Abuse of Family or Household Members ("Abuse"), in violation of Hawaii Revised Statutes ("HRS") § 709-906(1) (Supp. 2009). The Family Court then sentenced Caldwell to two years of probation and two days of incarceration.

On appeal, Caldwell argues that the Family Court (1) deprived him of his right of confrontation by allowing the State of Hawai'i ("State") to read into the record a transcript of the complaining witness's ("Complainant") tape-recorded police interview ("Interview Transcript"); (2) erroneously instructed the jury that it could consider HRS § 709-906(1) as a lesser included offense of § 709-906(8); and (3) convicted him based on insubstantial evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Rhonda A. Nishimura presided.

the arguments advanced and the issues raised by the parties, we resolve Caldwell's points of error as follows:

(1) The Family Court did not err by allowing the State to read the Interview Transcript into the record. The Hawai'i Constitution's confrontation clause was not implicated where Complainant appeared at trial and Caldwell was afforded a meaningful opportunity to cross-examine her. *See State v. Delos Santos*, 124 Hawai'i 130, 143-50, 238 P.3d 162, 175-82 (2010) (memory loss notwithstanding, "the admission of the Complainant's hearsay statements did not violate the confrontation clause because the Complainant appeared for cross-examination at trial"); *State v. Fields*, 115 Hawai'i 503, 528, 168 P.3d 955, 980 (2007) (holding that "a trial court's admission of a prior out-of-court statement does not violate the Hawai'i Constitution's confrontation clause where the declarant appears at trial and the accused is afforded a meaningful opportunity to cross-examine the declarant about the subject matter of that statement").

(2) The Family Court's jury instructions were not erroneous. The jury could properly consider whether Caldwell committed Abuse in violation of HRS § 709-906(1) as a lesser included offense of § 709-906(8), where subsection (1) was "established by proof of the same or less than all the facts required to establish the commission of" subsection (8), and subsection (1) differed from subsection (8) "only in the respect that a less serious injury to the same person" or "a different state of mind indicating a lesser degree of culpability suffice[d] to establish its commission." §§ 701-109(4) (1993) & 709-906(1) & (8).

There was a "rational basis in the evidence" for the jury to conclude that Complainant sustained injuries or felt pain as a result of Caldwell's placing his and/or her arm around her neck and/or putting his hands around her neck and squeezing, even if her normal breathing or blood circulation was not impeded. *See State v. Canady*, 80 Hawai'i 469, 474, 911 P.2d 104, 109 (App. 1996) (stating that to "physically abuse" someone is to "maltreat in such a manner as to cause injury, hurt or damage to that person's body"); *State v. Nomura*, 79 Hawai'i 413, 416, 903 P.2d

718, 721 (App. 1995) (stating that to physically abuse is to cause "bodily injury to another person"); HRS § 707-700 (1993) (including "physical pain" in the definition of "bodily injury").

(3) There was substantial evidence to support Caldwell's conviction. *See Fields*, 115 Hawaiʻi at 511, 168 P.3d at 963 (stating that we consider the evidence "in the strongest light for the prosecution"); *State v. Aki*, 102 Hawaiʻi 457, 460, 77 P.3d 948, 951 (App. 2003) ("The jury, as the trier of fact, is the sole judge of the credibility of witnesses or the weight of the evidence.").

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence filed on October 29, 2009 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, May 31, 2012.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

3